## STATE LIFE INSURANCE CO. *v.* HARRAH.

Insurance—Bills and Notes—Consideration.

  Defendant suffered his policy of insurance to lapse.  Plaintiff's
  agent advised him to change the form of policy and give a
  note for the premium, payable in six months, if plaintiff
  would consent to his reinstatement on such terms.  He made
  a new application, which was forwarded to the company, by
  which a new policy was issued.  Plaintiff claimed to have
  mailed the policy to defendant, but it was never received by
  defendant, as he testified.  No competent evidence appeared
  that the policy was mailed with postage prepaid.  Plaintiff,
  on the trial of the action on the premium note, waived sub-
  mitting to the jury the issue whether or not defendant ever
  received his policy.  *Held,* that verdict for defendant was cor-
  rectly instructed on the ground of failure of consideration.

Error to Wayne; Mandell, J.  Submitted January 24,
1912.  (Docket No. 105.)  Decided March 12, 1912.

Assumpsit by the State Life Insurance Company
against Charles W. Harrah on a note for insurance pre-
miums.  A judgment for defendant on a verdict directed
by the court is reviewed by plaintiff on writ of error.
Affirmed.

*Jackson, Millis, Culver & Griffin,* for appellant.

*E. S. Clarkson,* for appellee.

Moore, C. J.  Suit was commenced in the cause in the
justice's court for the city of Detroit upon the 1st day of
June, A. D. 1909.  The pleadings were oral; plaintiff de-
claring in assumpsit on all the common counts and
specially upon a promissory note; the defendant pleading
the general issue and giving notice of failure of consid-
eration.  The note sued upon was in words and figures as
follows:

"$196.50.                DETROIT, MICH., Dec. 31/07.

"Six months after date, I promise to pay to the State Life Insurance Company, at its home office, for value received, the sum of one hundred and ninety-six and 50/100 dollars (with interest at six per cent. per annum from date with attorney's fees, and waiving relief from valuation and appraisement laws), the same being the amount due of the annual premium due and payable the 31st day of December, 1907, on policy No. 157324 of said company.

"I understand and hereby agree that neither this note, nor any extension thereof, is given or accepted as a payment of said premium. And I agree that the non-payment of this note, or any extension thereof at maturity, shall *ipso facto* lapse said policy, and there will be due the proportionate part of the face of this note, with interest, that the time from the date to the maturity of this note, or any extension thereof bears to the whole time covered by said premium. I also agree that upon non-payment of this note or any extension thereof, if said policy should have any reserve value, the company may charge the proportionate part of this note, or any extension thereof, that may be due as above provided, against such reserve value, and any extended insurance value it may have shall accordingly be reduced.

"Ext. to July 30, '08.

"CHARLES W. HARRAH."

Upon the close of all the testimony, each party asked for a directed verdict. The circuit judge charged the jury as follows:

"This is an action brought upon a premium note—insurance note. It appears from the undisputed facts in the case that at one time Chas. W. Harrah was a policy holder in the plaintiff insurance company, and that the policy had lapsed, and that he was practically suspended. He was approached and asked and urged by an agent of the company to seek a different kind of insurance, and with the application he sent a note, and that note is the note in suit here. It appears that he never received any word from the company as to whether his application for reinstatement had been accepted or not. He never received from the company the policy that he sought. They had the note, and he had no word from them. Ordinarily in contracts when one makes a proposition, in order to make a binding bargain or contract, there must

be an acceptance. The acceptance must be communicated to the person who makes the offer. In this case, Mr. Harrah, the defendant, was out of the company, and he did not know or had no means of knowing, unless receiving word from the company, whether he would be reinstated or not. He sought reinstatement, and sought a substitution of the new policy for the old one. Never having received word from the company whether the reinstatement was granted, and never having received the policy, he received no consideration for his note. The note, being without consideration, is void and not collectible; and therefore this action has failed by reason of no consideration for the note being given. It is not necessary to go into the question of what words were used between Mr. Harrah and the agent of the company who sought to obtain this application. It is true parol evidence will not be received to vary, alter, or amend the written terms of a contract; but the contract is not what we have here. We have here the proposition suggested on the part of Mr. Harrah with the company, and until that was accepted there was not a valid existing contract between them. That being so, there was no consideration."

A verdict and judgment were rendered in accordance with the charge. The case is brought here by writ of error.

It is insisted upon the part of the plaintiff that, after it received the application for reinstatement and the report of the medical examiner, a policy was issued, which became binding at once, whether it was delivered or not, and that this furnished an adequate consideration for the note. This claim does not meet the situation. The defendant had been a member of the plaintiff company. His policy had become lapsed, so it was void. It was his claim that a special agent solicited that he again become a member, and assured him that he did not know whether the company would reinstate defendant, but that if they would issue a policy to him he could use it to obtain loans. The new application, asking, as it did, for a change in the policy, made it necessary to write a new policy. We quote from the testimony:

169 MICH.—9.

"He offered to take my note for a new policy, and agreed that I should have six months' time on it, and three months on half of it when' the note came due. That arrangement was made because I told him I did not find it convenient to pay the money. He took my policy and said he would return it to the company and find out whether it would be reinstated, and I gave him the note. I never heard another word from the company until the note came due, not another word.

"*Q.* State, during the conversation, whether anything was said about the policy being delivered for the note; whether you were to have the policy for the note?

"*A.* I certainly was to have the policy. He said if I were to be reinstated a new policy would be sent me; but it was not."

He further testified that after he was notified that his note was not paid, and that payment was desired, that he refused to pay it until a policy was delivered to him; that he informed the agent that he had not received a policy, and that he was assured the agent would write the company; and that no policy was ever delivered to him or tendered to him. This testimony was not contradicted.

On the part of the plaintiff, it is said (we quote from the brief) :

"The learned judge of the Wayne circuit court took the view that defendant's application for reinstatement was an offer to enter into a contract with plaintiff which must not only be accepted, but the acceptance must be communicated to the defendant. The learned judge apparently ignores the fact that the testimony shows indisputably that plaintiff did communicate its acceptance of defendant's application for reinstatement by depositing the reissued policy in the United States mail, together with the letter of transmittal, postage prepaid, and addressed to defendant at his proper address in Detroit. So that if the court took the correct view of the character of the transaction, there was a complete and binding contract from the moment the acceptance was mailed; and there was therefore ample consideration for defendant's note."

One trouble with this contention is that there is no competent testimony of the actual mailing of the policy,

with sufficient postage paid thereon, to the defendant. He swears positively that the policy was not received by him. The trial judge inquired of counsel for the plaintiff if they desired to submit that question to the jury, and they replied, "No." Upon the record as made, we think a right disposition was made of the case.

Judgment is affirmed.

STEERE, McALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.